UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY WAYNE SMITH,                 :      NO. 1:11-CV-00203
                                  :
        Plaintiff,                :
                                  :
    v.                            :      **OPINION AND ORDER**
                                  :
COMMISSIONER OF SOCIAL            :
SECURITY,                         :
                                  :
        Defendant.                :


        This matter is before the Court on the Magistrate Judge's
March 21, 2012 Report and Recommendation (doc. 15), and Plaintiff's
Objections (doc. 22).  For the reasons indicated herein, the Court
ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation
in all respects, FINDS the ALJ's non-disability finding supported
by substantial evidence, and DIRECTS the clerk to close this case
on the Court's docket.

## I.  Background

        This disability benefits appeal concerns Plaintiff's
December 2007 applications for Supplemental Security Income (SSI)
and Disability Insurance Benefits (DIB), alleging a disability
onset date of December 30, 2006, due to degenerative disc disease,
numbness in upper and lower extremities, anxiety, depression, and
pain of the neck, hip, leg, and back (doc. 15).  Upon denial of his
application initially and upon reconsideration, Plaintiff requested
and received a hearing de novo before Administrative Law Judge

(ALJ) Deborah Smith, who, on December 22, 2009, denied both of Plaintiff's applications (Id.). Plaintiff's request for review by Appeals Council was denied, making ALJ Smith's Findings the final determination of the Commissioner (Id.).

The ALJ's findings are summarized in the record (Id.). Essentially, Plaintiff has not engaged in substantial gainful activity since December 30, 2006, due to the severe impairment of degenerative disc disease of the cervical spine (Id.). As a result of his condition, Plaintiff underwent surgery, an anterior cervical discectomy and fusion (ACDF), in May 2007. Despite Plaintiff's surgery and condition, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the impairments in the Listings (Id.). The ALJ considered the entire record and found that Plaintiff had a residual functional capacity ("RFC") to perform light work; he must avoid overhead bilateral reaching, climbing ladders, scaffolds, and ropes; and engage in no more than occasional stooping, crouching, and crawling (Id.).

After considering that Plaintiff could not perform any past relevant work, the ALJ considered Plaintiff's age, background and, residual functional capacity and concluded there are nonetheless jobs in the national economy that Plaintiff could perform since December 30, 2006 (Id.). As such, the ALJ found Plaintiff not under disability, and not entitled to SSI or DIB

(Id.).

　　　　Plaintiff subsequently appealed to this Court, under the theories that ALJ Smith erred by 1) substantially relying upon the medical findings of non-treating physicians when determining his RFC; 2) by improperly assessing Plaintiff's credibility in regards to his physical limitations; and 3) by improperly applying the Grids when determining his level of vocational ability (Id.).  The Magistrate Judge has reviewed Plaintiff's theories and has recommended that the Court find the ALJ's decision supported by substantial evidence, and therefore deny Plaintiff the benefits he seeks (doc. 15).   Plaintiff has filed his Objections to the Magistrate Judge's Report and Recommendation (doc. 22), such that this matter is ripe for the Court's review.

## II.   The Magistrate Judge's Report and Recommendation

　　　　The Magistrate Judge reviewed each of Plaintiff's claims to determine whether the ALJ's findings of non-disability were supported by substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (doc. 15, citing 42 U.S.C. § 405(g), Richardson v. Perales, 402 U.S. 389, 401 (1971)).  In conducting her review, the Magistrate Judge explained the Court considers the record as a whole when deciding whether the Commissioner's findings are supported by substantial evidence (Id. citing Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978)).

The Magistrate Judge first addressed Plaintiff's argument that the ALJ erroneously relied upon the opinion of non-examining medical consultants, and not that of Plaintiff's treating physician (Id.). The Magistrate Judge found that, generally, the opinion of the treating physician is entitled to controlling weight, but that ALJ can decline to give controlling weight if the treating physician's opinions are not supported by substantial medical evidence (Id. citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529-30 (6th Cir, 1997); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985); Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009)). Ultimately, the Magistrate Judge stated, the ALJ must provide good reason as to why less weight was given to the treating physician's opinion (Id. citing Blakely, 581 F.3d at 406 (citing 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p, 1996 WL 374188, at *5; Wilson, 378 F.3d at 544)).

The Magistrate Judge found that ALJ Smith relied on the opinions of the treating physician, in this case Dr. Joanne DeGreg, insomuch as they were supported by objective medical evidence (Id.). The Magistrate Judge found that state agency medical consultant Dr. Das' review of Plaintiff's history, medical records, physical examination, and x-ray study, all objective evidence, supported the ALJ's RFC (Id.). The Magistrate Judge also found that record review of Dr. Vasiloff, another state medical consultant, resulted in the conclusion that Plaintiff could perform

light work so long as he never climbed apparatuses, stoop or crawl frequently, and avoided positions that required certain levels of reaching (Id.). As for Dr. McPherson, Plaintiff's neurosurgeon, the Magistrate Judge noted his neurological examination findings both supported the conclusion that Plaintiff could perform light work with accommodations (Id.). In summary, the Magistrate Judge found the ALJ relied on substantial and objective medical evidence in arriving at Plaintiff's RFC (Id.).

The Magistrate Judge noted the ALJ rejected the opinion of Dr. DeGreg, Plaintiff's treating physician, "because her assessment was not supported by her treatment notes or the objective findings of record and was inconsistent with her own notes and findings" (Id.). In rejecting Dr. DeGreg's opinion, the ALJ stated that Dr. DeGreg's treatment notes gave little legitimacy to her RFC opinion (Id.). Furthermore, the ALJ noted that Dr. DeGreg did not treat Plaintiff for at least 10 months after the cervical fusion surgery, and that upon Plaintiff's return to Dr. DeGreg, Plaintiff complained of hip pain despite Dr. DeGreg's x-ray findings showing no abnormalities (Id.). Similarly, the ALJ notes, Dr. DeGreg found only minor range of motion issues post surgery, as did Plaintiff's treating neurosurgeon Dr. McPherson. The Magistrate Judge notes that the ALJ finds this problematic given the "extreme RFC limitations" Dr. DeGreg suggested (Id.).

Lastly, the Magistrate Judge points out that the treatment and

prescription inconsistencies noted by the ALJ (Id.). The ALJ specifically points to the fact that Dr. DeGreg considered the need for an assistive device when Plaintiff stands or walks in her RFC assessment, but her treatment notes do not provide a prescription or medical need for such devices (Id.). Furthermore, as the ALJ notes, Dr. DeGreg states that Plaintiff should be confined to low stress jobs in her RFC assessment, but states in the same assessment that emotional factors have no effect on the Plaintiff's symptoms or functions (Id.). Finally, the ALJ notes that Dr. DeGreg's RFC assessment defends Plaintiff as not being a "malingerer", but that her treatment notes show she at one point refused to provide Plaintiff with additional pain medicine prescriptions because Plaintiff continued to test negative for opiates despite being prescribed high doses of Percocet (Id.).

The Magistrate Judge opined therefore "[a]s inconsistencies in a treating physician's opinion is a factor the ALJ may consider in determining the weight to accord such opinion . . . the ALJ reasonably considered the above noted inconsistencies in giving little weight to Dr. DeGreg's functional assessment" (Id. citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007)).

The Magistrate Judge next addressed Plaintiff's complaint that the ALJ erred in assessing his credibility (Id.). Plaintiff argues that based on his testimony he should be limited to

6

sedentary employment and thus be found disabled under the guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (Id.). Plaintiff testified to a number of physical symptoms and limitations including 1) a history of falling and need for assistive devices; 2) numbness and/or weakness in his extremities; 3) chronic back, neck, and hip pain; and 4) anxiety and depression (Id.). The Magistrate Judge found that Plaintiff failed to allege specific errors of law or fact on the part of the ALJ, and that a de novo decision on the issue of his credibility is outside the scope of judicial review in this matter (Id.). However, the Magistrate Judge noted that the court can review the ALJ's decision on the grounds that it was supported by substantial evidence and that proper legal standards were applied (Id. citing Rogers, 486 F.3d at 241).

The Magistrate Judge noted the ALJ found inconsistencies between the objective medical findings evidence and Plaintiff's allegations (Id.). First, the ALJ found there was no objective clinical or medical evidence to explain Plaintiff's complaints regarding his hip and leg pain, especially in light of no abnormal findings in the x-ray, done by Dr. DeGreg, of the Plaintiff's hip (Id.). Second, the ALJ notes that contrary to Plaintiff's complaints regarding his extremities, objective medical records showed significant improvement in muscular strength post surgery and improved extremity usage six months post surgery (Id.).

Lastly, the ALJ took issue with Plaintiff's consistently negative drug screening despite Plaintiff's allegations that he ran out of Percocet, an opiate, well before his next refill because his pain was so great he needed to take a higher dose than prescribed. (Id.). Having reviewed the evidence, the Magistrate Judge found the ALJ's credibility finding reasonable and supported by substantial evidence in the record, including objective medical evidence (Id.).

As a final matter, the Magistrate Judge addressed Plaintiff's complaint that the ALJ erroneously applied medical-vocational guidelines (the Grids) when making his RFC determination (Id.). The Magistrate Judge noted that in Plaintiff's argument, he relies on vocational testimony at his hearing that suggested if Dr. DeGreg or Plaintiff's own testimony were taken at full weight, Plaintiff would be limited to sedentary work (Id.). The Magistrate Judge rejected this claim, noting that the Plaintiff is essentially repeating his previous arguments concerning erroneous RFC and credibility findings, both of which the Magistrate Judge had already addressed (Id.).

## III. Plaintiff's Response

Plaintiff contends that the ALJ erred, as well as the Magistrate Judge by reiterating the findings, in denying him benefits insofar as 1) the assigned RFC was not substantially supported by the medical records, 2) Plaintiff's credibility was

8

not properly considered because it was evaluated based on isolated testimony and not the record as a whole, and 3) the Grids were improperly applied (doc. 22).

Plaintiff's first objection is that the ALJ's RFC determination was an error because it overlooked consistent, longitudinal, medical records in favor of inconsistent notations (Id.). Plaintiff contends that the Magistrate Judge supports the ALJ findings by restating the Defendant's brief and the ALJ opinion (Id.). The example given in the Plaintiff's objections concerns a statement made in the Magistrate Judge's opinion where she likened the Plaintiff's limited cervical range of motion to overhead reaching (Id.). Plaintiff contends these two movements are "not functionally the same" and that the Magistrate Judge provides no basis for why she finds them similar (Id.). Furthermore, Plaintiff contends that the ALJ placed too much weight on post-surgical findings, which "were not functional findings" as they do not "equate to ability to perform work" (Id.). Plaintiff contends that the Magistrate Judge erroneously reiterates the ALJ's findings without considering the other relevant medical records the ALJ chooses to overlook, and which support a RFC for sedentary work (Id.).

Plaintiff further contends the Magistrate Judge again erroneously reiterated the ALJ's credibility findings by overlooking objective evidence (Id.). Plaintiff argues,

specifically, that the issue of his credibility with regard to medication noncompliance was improperly considered (<u>Id</u>.). Plaintiff contends that there is ample medical evidence in the record to support Plaintiff's testimony that medicine does not alleviate his functional limitations (<u>Id</u>.). Plaintiff contends the Magistrate Judge overlooked this evidence in affirming the ALJ's findings (<u>Id</u>.). Furthermore, Plaintiff contends the ALJ did not cite any evidence to contradict his testimony, nor did she cite any documentation to contradict the limitations Plaintiff testified to (<u>Id</u>.).

As a final matter, Plaintiff contends the Magistrate Judge erred in affirming the ALJ's Grid findings of ability to perform light work (<u>Id</u>.). Plaintiff contends the ALJ did not consider all relevant medical records, Dr. DeGreg's RFC findings, Plaintiff's testimony, or the ALJ's own hypothetical finding that limited reaching and handling precludes all light level jobs (<u>Id</u>.). According to Plaintiff, if the above were considered, he should not have been found able to perform light level work, and thus been assigned a sedentary RFC (<u>Id</u>.).

In summary, Plaintiff argues the ALJ erred in evaluating Plaintiff's RFC and credibility, and applying the Grids (<u>Id</u>.). Plaintiff objects to the Magistrate Judge's findings because "a mere reciting of the Defendant's position and adopting the ALJ's decision is not warranted in this matter" (<u>Id</u>.) As such, Plaintiff

contends at minimum remand is required for a proper evaluation of his ability to function in the workplace (Id.).

**IV. Discussion**

The Court rejects Plaintiff's contentions that the ALJ erred in evaluating his RFC, accessing his credibility, and in applying the Grids. Plaintiff is correct in his view that the Magistrate Judge supported and reiterated the findings of the ALJ. However, the Court finds no issue with this as Plaintiff presented no objective evidence to the Magistrate Judge to refute that the ALJ's original findings were indeed reasonable and substantially supported by evidence in the record.

First, Plaintiff's contention that the ALJ rejected "longitudinal records" in favor of notations when determining his RFC is contrary to the record (Id.). Plaintiff underwent extensive cervical surgery to address, what was at the time, a degenerative cervical disease. Pre-surgical findings of Dr. DeGreg and Dr. McPherson explain well the extent of Plaintiff's spinal issues and functional limitations. Both the ALJ and the Magistrate Judge made note of these findings when considering the record as a whole. However, longitudinal records include post-surgical findings, like those from Dr. DeGreg, Dr. McPherson, and pain management physician Dr. Khan. All records were made available to the two non-examining medical consultants in the course of this case. Dr. McPherson and both medical consultants arrived at the same conclusion regarding

Plaintiff's functional assessment. Compared with pre-surgical findings, significant improvements were made within six weeks of the surgery. Within seven months of the surgery, Dr. McPherson noted that x-rays showed normal spinal alignment, and he opined that Plaintiff had "reached maximum medical improvement" (doc. 15). It is clear to this court that the ALJ considered longitudinal records when determining Plaintiff's RFC.

Similarly, it appears to this Court that Plaintiff is actually arguing that the ALJ and Magistrate Judge erred by basing his RFC on longitudinal records, spanning pre and post-surgical, instead of the inconsistent post-surgical functional assessments of Dr. DeGreg. Plaintiff's view overstates the ALJ's responsibility in evaluating medical evidence. The regulations provide a framework for evaluation of all evidence, clearly favoring the opinions of treating physicians over those of non-examining medical sources and experts. 20 C.F.R. 404.1527(d). The opinions of non-examining consultants are only given weight insofar as they are supported by evidence in the case record. Social Security Ruling 96-p. When a treating physician's opinion is rejected, as here, as unsupported, it is only proper for the ALJ to consider and weigh the opinions of other medical sources. The ALJ did not weigh the post-surgical "notations" of the treating physician as favorable as Dr. McPherson or the two non-examining medical consultants' opinions. Dr. DeGreg's functional assessment was objectively

inconsistent with her own previous treatment records, and the findings of the other three medical professionals on the record. Therefore, this Court affirms the ALJ and Magistrate Judge's RFC decision as they are supported by substantial evidence.

Next, Plaintiff objects to the findings on his credibility (doc. 22). Plaintiff contends the ALJ discredited his own functional assessment testimony because of an alleged medical noncompliance (Id.). To address the allegation, Plaintiff argues that "there is ample evidence throughout the record that medicines did not alleviate the functional limitation described" (Id.). Furthermore, the Plaintiff suggests the Court take into consideration that the limitations he testified to are consistent with his documented medical condition unless there is documentation to the contrary (Id.). The Court is inclined to agree with both findings articulated by the ALJ and Magistrate Judge. First, as stated above, the findings of Dr. McPherson and the two medical consultants are contrary to Plaintiff's testimony. Objective medical evidence in the record show near normal alignment and rotation post surgery. Contrary to Plaintiff's objection, he bears the burden of proof in regards to disproving this evidence.

Second, Plaintiff's own treatment noncompliance raises serious questions in regards to his credibility. Both the ALJ and the Magistrate Judge found issue with Plaintiff's alleged prescription noncompliance in light of his testimony regarding the

severity of his pain. However, nowhere does the ALJ state medicine compliance would automatically or unquestionably alleviate functional limitations, thus changing his RFC assessment from sedentary to light work. Instead noncompliance coupled with the continued negative drug screenings left the ALJ and Magistrate Judge with doubt as to whether Plaintiff was following through with his treatment plan. As noted above, records show that Dr. McPherson found Plaintiff's surgery to be a success and referred Plaintiff to physical therapy to improve upon these results. It was also suggested he see a pain management specialist. Plaintiff failed to see a physical therapist until 2009, and began seeing a pain management physician eleven months after Dr. McPherson's suggestion, but only after Dr. DeGreg refused to provide additional pain medication. Again, based on the record, this Court finds no error in the ALJ's reasoning for discrediting Plaintiff and affirms the decision.

Finally, Plaintiff argues the ALJ erred in applying medical-vocational guidelines, the Grids, when determining his RFC (Id.). Plaintiff contends that if his testimony or Dr. DeGreg's RFC assignment were controlling, he would have been assigned the RFC for sedentary work (Id.). The Court agrees with Plaintiff's contention, but again finds the ALJ decision substantially supported. The Court has already addressed the Grids issue in addressing the issues of RFC and credibility. As stated previously,

Plaintiff's testimony and Dr. DeGreg's RFC assessment are unsupported and contrary to objective medical findings on record. The Grids were applied using the objective medical findings and the RFC for light work was assigned. Therefore, Plaintiff is not entitled to a more favorable RFC and the ALJ's decision will be affirmed.

**V.  Conclusion**

The Court finds the Magistrate Judge's Report complete, thorough and persuasive.  Having reviewed the record, the Court finds well-taken the Magistrate Judge's conclusion that the ALJ's finding of non-disability is supported by substantial evidence. The Court rejects Plaintiff's argument that the ALJ erred in formulating Plaintiff's RFC, in weighing and evaluating the medical evidence, or in applying the Grids.  The ALJ's findings in this case were therefore supported by substantial evidence and his conclusion denying benefits fell properly within his "zone of choice."  <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1035 (6th Cir. 1994). Finally, the Court sees no basis for a remand, as it is clear from the evidence that Plaintiff has the ability to function in the workplace, limited to a reduced range of light work.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner.

See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter <u>de</u> <u>novo</u>, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in her Report and Recommendation, are correct. Therefore, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 17), FINDS the decision of the Commissioner that Plaintiff was not entitled to a period of disability and disability income benefits SUPPORTED BY SUBSTANTIAL EVIDENCE, AFFIRMS such decision, and as no further matters remain pending for the Court's review, the Court DIRECTS the Clerk to CLOSE this case on the Court's docket.

SO ORDERED.

Date: September 20, 2012      <u>s/S. Arthur Spiegel</u>
                              S. Arthur Spiegel
                              United States Senior District Judge